**LITTLER MENDELSON, P.C.**
William P. McLane (NJ Bar No. 034481996)
Jennifer I. Fischer (NJ Bar No. 047432013)
Christie Pazdzierski (NJ Bar No. 110522014)
A Professional Corporation
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FERDANINDO BOSCO AND CLAUDETTE JACKSON-GOODMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPASS GROUP USA, INC.; COMPASS ONE, LLC; and COMPASS 2K12 SERVICES, LLC,<br><br>Defendants. | Civil Action No. 2:22-cv-6909<br><br>**NOTICE OF REMOVAL**<br><br><u>**Electronically Filed**</u> |

**TO:    THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Defendants Compass Group USA, Inc. ("Compass Group"), Compass One, LLC ("Compass One"), and Compass 2K12 Services LLC ("Compass 2K12") (collectively, "Defendants") file this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Law Division, Bergen County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and state:

1.    Plaintiffs Ferdanindo Bosco and Claudette Jackson-Goodman ("Plaintiffs") commenced this action on or about September 26, 2022, by filing a Complaint in the Superior Court of New Jersey, Law Division, Bergen County, captioned *"Ferdanindo Bosco and Claudette*

*Jackson-Goodman v. Compass Group USA, Inc.; Compass One, LLC; Chartwells Higher Ed Services; Compass 2K12 Services, LLC*" bearing docket number BER-L-005214-22 ("the State Court Action"). Plaintiff filed an Amended Complaint on October 11, 2022 captioned "*Ferdanindo Bosco and Claudette Jackson-Goodman v. Compass Group USA, Inc., Compass One, LLC, and Compass 2K12 Services, LLC.*" The State Court Action is now pending in that court.

2.      Compass Group, Compass One, and Compass 2K12 were served on November 2, 2022. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3.      All defendants who have been properly joined and served in this matter consent to its removal.

4.      Attached as **Exhibit A** is a copy of all process, pleadings, and orders served upon Compass in the State Court Action, pursuant to 28 U.S.C. §1446(a).

5.      The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

6.      Specifically, Plaintiff Ferdanindo Bosco is an individual and a resident and, upon information and belief, a citizen of New Jersey, in that he lives in Bergen County, New Jersey. (*See* **Exhibit A**, Amended Complaint and Jury Demand ("Complaint") at ¶ 3). Plaintiff Claudette Jackson-Goodman is an individual and a resident and, upon information and belief, a citizen of New Jersey, in that she lives in Bergen County, New Jersey. (*Id.* at ¶ 4). Compass Group is a Delaware Corporation with its principle place of business in Charlotte, North Carolina. Therefore, it is a citizen of Delaware and North Carolina for purposes of diversity jurisdiction. Compass One is a Limited Liability Company whose sole member is Compass Group. Therefore, it is a citizen

of Delaware and North Carolina for purposes of diversity jurisdiction. Compass 2K12 is a Limited Liability Company whose sole member is Compass Two, LLC ("Compass Two"). Compass Two is a Limited Liability Company whose sole member is Compass Group. Therefore, it is a citizen of Delaware and North Carolina for purposes of diversity jurisdiction.

7.    The matter in controversy in the State Court Action exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a), computed on the following basis:

(a)    The Complaint filed by Plaintiffs alleges claims of negligence, fraud, unjust enrichment, and violations of the New Jersey Wage Payment Law. Plaintiffs seek an award for "compensatory damages for all unpaid wages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorney's fees, as allowed by law, punitive damages, and any all such other relief as the Court deems just and proper." (**Exhibit A**, at p. 11-15).

(b)    According to a reasonable reading of the Complaint and a preponderance of the evidence, plaintiffs' demand, and the amount in controversy, is in excess of $75,000. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

(c)    Plaintiffs further seek punitive damages. "The Court must consider the plaintiffs' demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages." *See Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, *15-16 (D.N.J. Aug. 7, 2009) (citing *Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004)) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages).

7.     This Notice of Removal is being filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court action is pending, as required by 28 U.S.C. §§1441(a) and 1446(a).

8.     Upon filing of this Notice of Removal, Compass shall give written notice thereof to Plaintiffs' counsel, Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, 155 North Dean Street, Suite 4-D, Englewood, New Jersey 07631, and shall file copies of this Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Bergen County, pursuant to 28 U.S.C. §1446(d).

9.     By filing this Notice of Removal, Defendants do not waive any defenses available to it at law, in equity or otherwise.

**WHEREFORE**, Defendants respectfully request that this action proceed to this Court as an action properly removed to it.


**LITTLER MENDELSON, P.C.**
Attorneys for Defendants


Dated: November 30, 2022

/s/ William P. McLane
_____
William P. McLane
Jennifer I. Fischer
Christie Pazdzierski

4858-5060-9982.1 / 024778-1683

# EXHIBIT A

Mark T. Sadaka, Esq.
Attorney ID: 038582009
Law Offices of Sadaka Associates, LLC
155 Dean Street, Suite 4-D
Englewood, New Jersey 07631
Phone (201) 266-5670
Attorneys for Plaintiffs

| | |
|---|---|
| PLAINTIFFS FERDANINDO BOSCO, and CLAUDETTE JACKSON-GOODMAN, <br><br> *Proposed Class Representatives*, <br><br> v. <br><br> COMPASS GROUP USA, INC.; COMPASS ONE, LLC; CHARTWELLS HIGHER ED SERVICES and COMPASS 2K12 SERVICES, LLC <br>     *Defendants*. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br><br><br> CIVIL ACTION <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiffs Ferdanindo Bosco and Claudette Jackson-Goodman, individually, and on behalf of all others similarly situated, by and through their attorneys at SADAKA ASSOCIATES, LLC, allege against COMPASS GROUP USA, INC.; COMPASS ONE, LLC; and COMPASS 2K12 SERVICES, LLC as follows:

## **INTRODUCTION**

1.     This Class Action seeks damages on behalf of every hourly-paid employee of the named Defendants who were not paid properly for the hours they worked under N.J.S.A. §34:11-4.2 of the New Jersey Wage Payment Law.

2.     Through a common and uniform course of conduct, the named Defendants failed to properly pay their hourly-wage employees as promised, and since at least 2009.

## PARTIES

3.      Plaintiff, Ferdanindo Bosco was, at all times relevant, a resident of the State of New Jersey in the County of Bergen and was employed by the named Defendants during the class period in the State of New Jersey.

4.      Plaintiff, Claudette Jackson-Goodman was, at all times relevant, a resident of the State of New Jersey in the County of Bergen and was an employee of the Defendants during the class period in the State of New Jersey.

5.      At all times relevant, Defendant COMPASS GROUP USA, INC. was a Delaware Corporation, which provided management and support services to various locations where it employed union and non-union hourly-wage employees throughout the United States. Its principal place of business located at 2400 Yorkmont Road, Charlotte, N.C. 28217.

6.      At all times relevant, Defendant COMPASS ONE, LLC was a North Carolina Corporation which provided management and support services to various locations where it employed union and non-union hourly-wage employees throughout the United States. Its principal place of business located at 2400 Yorkmount Road, Charlotte, N.C. 28217.

7.      At all times relevant, Defendant COMPASS 2K12 SERVICES, LLC was a North Carolina Corporation which provided management and support services to various locations where it employed union and non-union hourly-wage employees throughout the United States. Its principal place of business located at 2400 Yorkmont Road Charlotte, N.C. 28217.

8.      Defendants COMPASS GROUP USA, INC.; COMPASS ONE, LLC; COMPASS 2K12 SERVICES, LLC are hereinafter referred to as "COMPASS".

9.      Upon information and belief, all Defendants (collectively "COMPASS") conducted business throughout New Jersey and the United States at all times relevant herein.

## JURISDICTION

10.     Jurisdiction is proper in this Court as the amount in controversy is less than five million dollars, per 28 U.S.C. §1332(d)2, and this matter does not involve any federal question preemption.

11.     At least one cause of action is known to be filed alleging the same pattern of behavior by the named Defendants. There is a proposed National Class, originally filed in this Court, that was removed and is currently pending in the District Court of New Jersey [NO. 2:17-cv-13327].

12.     The National Class alleged in NO. 2:17-cv-13327, asserts causes of action for breach of contract and breach of implied contract that are in excess of five million dollars.

13.     The Class proposed herein, relates only to New Jersey state-court claims, which are worth far less than the five-million-dollar jurisdictional requirement set by 28 U.S.C. §1332(d)2 and as such, these claims are appropriately severed from the claims currently pending in the District of New Jersey.

14.     In addition, no federal question pre-emption exists under §301 of the Labor Management Relations Act ("LMRA").

15.      The United States Supreme Court and New Jersey's Courts have consistently held that pre–emption in the context of §301 of the LMRA is only meant "to promote the peaceable, consistent resolution of labor-management disputes" and that pre-emption of state law claims only applies when interpretation of terms in collective bargaining agreements is required. Lingle v. Norge Div. of Magic Chef, 486 U.S. 399, 404, 108 S.Ct. 1877, 1880 (1988); Hejda v. Bell Container Corp., 450 N.J. Super. 173, 187–88, 160 A.3d 741, 748 (App. Div. 2017).

16.     Under the facts alleged, the Third Circuit and the State of New Jersey are in agreement that §301 of the LMRA is inapplicable to the claims brought.

17.     Federal Courts in this Circuit routinely hold that §301 "has been interpreted as authorizing federal courts to fashion a body of common law for the enforcement of collective bargaining agreements" which allows for the pre-emption of state law claims only when "uniform interpretation of contract terms [is needed] to aid both the negotiation and the administration of collective bargaining agreements". Screen Actors Guild - Am. Fed'n of Television & Radio Artists, AFL-CIO v. Sheridan Broad. Networks, 841 F. App'x 369, 374 (3d Cir. 2020).

18.     §301 of the LMRA does not apply to the claims alleged because Defendants' failure to properly pay their employees does not require the interpretation of any of the terms of any contract, be it in the form of a Union's Collective Bargaining Agreement ("CBA"), a written employment contract, an implied contract, or other kind of common law agreement to be paid for employment in the State of New Jersey.

## THE NEW JERSEY WAGE PAYMENT LAW
## GOVERNS THE CLAIMS PRESENTED

19.     For decades, New Jersey's Courts have enforced N.J.S.A. § 34:11-4.2 of the New Jersey Wage Payment Law ("NJWPL") to require "every employer to pay **the full amount** of wages due to his employees at least twice per month on regular pay days designated in advance by the employer, in lawful money of the United States or with checks on banks where arrangements are made for the cashing of such checks." Mulford v. Computer Leasing, Inc., 334 N.J. Super. 385, 395, 759 A.2d 887, 892 (Law. Div. 1999); **emphasis added**.

20.     This requirement, that employers pay the full amount of wages due, gives rise to the claims for this proposed state-wide Class action.

21.     N.J.S.A. §34:11-66 of the NJWPL permits the filing of the proposed Class's state law claims for Fraud, Negligence, the NJWPL, and Unjust Enrichment on behalf of the Defendants' employees who were not paid their full wages per N.J.S.A. § 34:11-4.2.

22.     In August of 2019, New Jersey enacted the New Jersey Wage Theft Act ("NJWTA") to create a cause of action under the NJWPL, allowing for special damages in cases like this where wages were not properly paid. Jones v. Hesp Solar, No. CV 20-13056 (SRC), 2021 WL 1904734, at *7 (D.N.J. May 12, 2021); *see also* Magee v. Francesca's Holding Corp., No. CV 17-565 (RBK/JS), 2020 WL 2768679, at *3 (D.N.J. May 28, 2020).

23.     The Economic Loss Doctrine does not prevent claims for Fraud, Unjust Enrichment, the NJWPL, and Negligence as alleged and under N.J.S.A. § 34:11-4.2 of the NJWPL.

## FACTUAL ALLEGATIONS

24.     All previous paragraphs are incorporated herein by reference.

25.     COMPASS is the largest contract foodservice company in the world. Its employees provide food services and support for many individual locations all over the state of New Jersey and North America.

26.     COMPASS has food service locations in offices, factories, schools, universities, hospitals, correctional facilities, and anywhere else there is a need for contracted, hourly-wage, food service work.

27.     Through willful conduct and potentially by mistake, COMPASS failed to properly pay its hourly-wage employees for at least a decade.

28.     This failure is systematic, unchecked, and it continues to this day because COMPASS not only operates a self-created payroll system that is faulty and allows for shorting of

its employees' time worked, but also because COMPASS has never performed any audit or other investigation to confirm that its hourly-wage employees were and are being properly paid.

29.     Since at least 2009, COMPASS used this self-created, faulty payroll system. This wage-shorting was and is, at all times alleged, preventable and correctable, but COMPASS has not taken any steps to ensure that shorting was not and is not occurring.

30.     N.J.S.A. § 34:11-4.2 of the NJWPL has at all times relevant required COMPASS to pay the full amount of wages due in a timely manner. The failures to train and properly pay its employees combined with COMPASS' failure to audit and confirm that its employees were being paid properly gives rise to the claims in this proposed state-wide Class action.

31.     Indeed, and at every COMPASS location, hourly-wage employees were required to keep track of their time worked, but no specific method of tracking time was universal to the company. This means that an employee at one location may have used a time clock, while an employee at another location may have used something as simple as log sheet.

32.     In any event, every individual employee's hours worked would be collected (either from a timecard or other medium) and then totaled up at a specific COMPASS location by a location's manager on a weekly or bi-weekly basis.

33.     Those weekly or bi-weekly totals would then be entered into a payroll system called WebPayroll, which was designed, controlled, and maintained by COMPASS since at least 2009.

34.     WebPayroll only accepts time in one format: the number of hours worked, and instead of minutes, it only accepts time in hundredths of an hour.

35.     Accordingly, if an hourly employee worked a total of thirty (30) hours and thirty (30) minutes in one pay period, the time entered into WebPayroll should have been 30.5 hours, but was instead entered as 30.30 hours.

36.     Upon information and belief COMPASS did not provide training on the need to enter time in hundredths of an hour nor did it provide a conversion chart so that those inputting time into WebPayroll could do it correctly.

37.     COMPASS has testified through a corporate designee that no audits or checks to ensure that time was being entered in hundredths of an hour was being done at any time since 2009. COMPASS could have also, but did not, tell its hourly-wage employees and managers, that time needed to be entered in hundredths of an hour and not minutes.

38.     COMPASS has perpetuated this wage-shorting of its employees to its advantage since at least 2009 and, upon information and belief, the shorting continues into the present.

39.     This is contrary to the requirements of N.J.S.A. §34:11-4.2 which requires COMPASS to pay its employees their full wages due in a timely manner. This failure of COMPASS to audit and confirm that its employees were being paid properly gives rise to the claims in this proposed state-wide Class action

40.     COMPASS has already testified through a corporate designee that at some point in the 2016 to 2017 timeframe, COMPASS began phasing out WebPayroll worldwide, but that WebPayroll is still at use today at some COMPASS locations, some of which are potentially in New Jersey.


**PLAINTIFFS' EXPERIENCE**

41.     Plaintiff Ferdanindo Bosco began working as an hourly-paid employee for COMPASS during the relevant Class period and he was employed in the State of New Jersey for most, if not all, of that time.

42.     Plaintiff Claudette Jackson-Goodman began working for COMPASS as an hourly-paid employee during the relevant Class period and she was employed in the State of New Jersey for most, if not all, of that time.

43.     Due to COMPASS's concealment of material facts, Plaintiffs only recently learned that COMPASS created and maintained a payroll system that only accepted time in hundredths of an hour and not in minutes.

44.     Due to COMPASS's concealment of material facts, Plaintiffs only recently learned that COMPASS willfully or negligently was shorting its employees by not converting time from minutes to hundredths of an hour.

45.     Plaintiffs only recently became aware that COMPASS has never performed any audit or confirmation that they were paid their proper wages, which is contrary to the requirements of N.J.S.A. § 34:11-4.2 and New Jersey law.

## CLASS ALLEGATIONS

46.     All previous paragraphs are incorporated herein by reference.

47.     Pursuant to New Jersey Rule 4:32, Plaintiffs bring this action on behalf of themselves and all other hourly wage employees of COMPASS who were deprived wages for employment that took place in the State of New Jersey and since at least 2009.

48.     This action is brought as a Class action and may be so maintained pursuant to the provisions of New Jersey Rules of Civil Procedure, as the numerosity, commonality, typically, and adequacy requirements under New Jersey law are satisfied.

49.     The members of this Class are so numerous as to render joinder impracticable.

50.     Joinder of all these individuals is impracticable because of the large number of Class members and the fact that Class members are likely dispersed over a large geographic area, with some members residing outside of the State of New Jersey.

51.     Common questions of law and fact exist as to all members of the Class that predominate over any questions that effect only individual members of the Class.

52.     These common questions of law and fact include, without limitation, whether COMPASS paid its employees properly and that information is ascertainable from the time recorded in WebPayroll. No individual questions of fact exist for any member of the entire Class or any potential Sub-Class thereof.

53.     Plaintiffs' claims are typical of the claims of the members of the Class.

54.     The harms suffered by the Plaintiffs are typical of the harms suffered by the individual members of the Class because all have had their wages shorted in the same way and COMPASS has concealed the shorting from all of them.

55.     The representative Plaintiffs have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of all hourly wage employees who have been shorted in the proposed Class. Plaintiffs have no interests that are averse to the interests of the members of the Class.

56.     A Class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all of COMPASS hourly employees in this action is impracticable, given the large number of Class members and the fact that they are dispersed over a large geographic area.

57.     Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to seek redress for these violations on their own.

The cost to the judicial system would also be enormous. Individualized litigation would also magnify the delay to all parties and the bog down the civil justice system unnecessarily.

58.     The named Plaintiffs have retained counsel with substantial experience and success in the prosecution of Class action and civil litigation claims. Plaintiffs are represented by the Law Offices of Sadaka Associates, LLC. Plaintiffs' counsel has the resources, expertise and experience to successfully prosecute the action against the Defendants. No known conflict exists between the Plaintiffs and members of the Class, or between counsel and members of the Class.

59.     Upon information and belief, there is at least one other action pending to address the named Defendants' conduct in shortening its employees' wages, and that action alleges a National Class, and not a class specific to New Jersey.

60.     The proposed New Jersey Class can and should be litigated separately and apart from the National Class, for reasons of local controversy and because of jurisdictional reasons under Article III of the U.S. Constitution.

61.     As such, Plaintiffs seek Class certification under the New Jersey Rules in that the questions of law and fact are common to all members of the Class and any Sub-Class thereof, and those common elements predominate over any questions affecting only individual members, and a Class action is far superior to other available methods for the fair and efficient adjudication of the state law claims asserted in this Complaint.

### COUNT I:
### NEGLIGENCE

62.     All previous paragraphs are incorporated herein by reference.

63.     N.J.S.A. § 34:11-4.2 of the NJWPL requires COMPASS to pay the full amount of wages due to its employees in a timely manner.

64.     The failures of COMPASS to properly train its employees to enter time and then audit and confirm that its employees were being paid properly gives rise to the claim of Negligence in this proposed state-wide Class action.

65.     Upon information and belief, COMPASS never trained its employees how to properly enter time its self-created WebPayroll system, nor did COMPASS ever inform its employees that time could only be paid in hundredths of an hour and not in minutes.

66.     COMPASS breached its duty to the Plaintiffs and the proposed Class when it did not perform any audits or other checks to ensure that time was being paid properly, and as required by N.J.S.A. § 34:11-4.2 of the NJWPL.

67.     This breach led to the mass underpayment of COMPASS's employees throughout the state of New Jersey since at least 2009.

68.     COMPASS withheld this material information from its hourly-paid employees since the time when it created and began maintaining WebPayroll, which was at least as far back as 2009.

69.     Plaintiffs recently became aware of the fact that COMPASS has never audited its self-created payroll system, WebPayroll, to confirm that it was paying its employees properly.

70.     The named Plaintiffs and others similarly situated have been damaged due to the actions of the COMPASS.

**WHEREFORE,** the Plaintiffs demand judgment against COMPASS and request compensatory damages for all unpaid wages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorney's fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## COUNT II:
## FRAUD

71.    All previous paragraphs are incorporated herein by reference.

72.    N.J.S.A. § 34:11-4.2 of the NJWPL requires COMPASS to pay the full amount of wages due in a timely manner. The failures of COMPASS to properly train its employees to enter time and then audit and confirm that its employees were being paid properly gives rise to the claim of Fraud in this proposed state-wide Class action.

73.    COMPASS represented that it was properly paying its hourly-wage employees, since at least 2009, when it was not.

74.    Through intentional and perhaps unintentional conduct, COMPASS has not properly paid its employees, including the Plaintiffs and other proposed class members.

75.    Through intentional and perhaps unintentional conduct, COMPASS has concealed the fact that it has not properly paid its employees, including the Plaintiffs and other proposed class members.

76.    At any time from at least 2009 to the present, COMPASS could have and should have audited its self-created WebPayroll system, as required by N.J.S.A. § 34:11-4.2, to ensure that it was properly paying its employees, but COMPASS has failed to do so.

77.    Plaintiffs and other Class members were misled into believing that they were being properly paid by COMPASS, at least and in part because New Jersey law requires that COMPASS pay its employees the full wages due in a timely manner, and due to COMPASS's intentional or unintentional failures to train its employees how to enter time properly.

78.    Plaintiffs and other Class members reasonably relied on COMPASS to pay them their proper wages in a timely manner.

79.     Plaintiffs and other Class members have been damaged as a result of COMPASS's failures to properly train its employees how to enter time and to confirm that COMPASS was paying its employees properly.

**WHEREFORE,** the Plaintiffs demand judgment against COMPASS and request compensatory damages for all unpaid wages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorney's fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## COUNT III:
## UNJUST ENRICHMENT

80.     All previous paragraphs are incorporated herein by reference.

81.     N.J.S.A. § 34:11-4.2 of the NJWPL requires COMPASS to pay the full amount of wages due in a timely manner. The failures of COMPASS to pay its employees has its genesis in COMPASS's failures to train its employees to properly enter time combined with the fact that COMPASS has never audited its self-created payroll system to confirm that time was being entered correctly.

82.     Through intentional and perhaps unintentional conduct, COMPASS has not properly paid its employees, including the Plaintiffs and other proposed Class members.

83.     Through intentional and perhaps unintentional conduct, COMPASS has concealed the fact that it has not properly paid its employees, including the Plaintiffs and other proposed Class members.

84.     At any time from at least 2009 to the present, COMPASS could have and should have audited its self-created WebPayroll system, as required by N.J.S.A. § 34:11-4.2, to ensure that it was properly paying its employees, but COMPASS has failed to do so.

13

85.     Plaintiffs and other Class members incurred a benefit to COMPASS that is inequitable and should be compensated.

86.     Plaintiffs and other Class members have been damaged as a result of COMPASS's failures to properly train its employees how to enter time and to confirm that COMPASS was paying its employees properly.

**WHEREFORE,** the Plaintiffs demand judgment against COMPASS and requests compensatory damages for all unpaid wages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorney's fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## COUNT IV:
### NJWPL

87.     All previous paragraphs are incorporated herein by reference.

88.     N.J.S.A. § 34:11-4.2 of the NJWPL requires COMPASS to pay the full amount of wages due in a timely manner. The failures of COMPASS to pay its employees has its genesis in COMPASS's failures to train its employees to properly enter time combined with the fact that COMPASS has never audited its self-created payroll system to confirm that time was being entered correctly.

89.     In August of 2019, New Jersey enacted the New Jersey Wage Theft Act ("NJWTA") to create a cause of action under the NJWPL, allowing for special damages in cases where wages were not properly paid.

90.     COMPASS has already testified through a corporate designee that the WebPayroll system was still in use in the 2019 timeframe, and that potentially it was still in use in the state of New Jersey.

91.     Any potential Class members whose wages were shorted after August of 2019 have causes of action for special damages under the NJWPL.

92.     Plaintiffs and other Class members have been damaged as a result of COMPASS's failures to properly train its employees how to enter time and to confirm that COMPASS was paying its employees properly.

**WHEREFORE,** the Plaintiffs demand judgment against COMPASS and requests compensatory damages for all unpaid wages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorney's fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

Respectfully Submitted,

Mark T. Sadaka, Esq.
**SADAKA ASSOCIATES, LLC**
155 North Dean Street, Suite 4-D
Englewood, NJ 07631
Tel: (201) 266-5670
Fax: (201) 266-5671
Email: mark@sadakafirm.com

Dated: September 26, 2022

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-005214-22

**Case Caption:** BOSCO FERDANIND  VS COMPASS GROUP USA, I NC.

**Case Initiation Date:** 09/26/2022

**Attorney Name:** MARK T SADAKA

**Firm Name:** SADAKA ASSOCIATES LLC

**Address:** 155 NORTH DEAN ST 4TH FL

ENGLEWOOD NJ 07631

**Phone:** 2012665670

**Name of Party:** PLAINTIFF : BOSCO, FERDANIND

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: FERDANIND BOSCO?** NO

**Are sexual abuse claims alleged by: CLAUDETTE JACKSON-GOODMAN?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/26/2022
Dated

/s/ MARK T SADAKA
Signed

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK       NJ 07601-7680
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   SEPTEMBER 26, 2022
                        RE:     BOSCO FERDANIND  VS COMPASS GROUP USA, I NC.
                        DOCKET: BER L -005214 22

      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

      DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON GREGG A. PADOVANO

       IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (201) 527-2600.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                              ATT: MARK T. SADAKA
                              SADAKA ASSOCIATES LLC
                              155 NORTH DEAN ST
                              4TH FL
                              ENGLEWOOD        NJ 07631

ECOURTS
```

Mark T. Sadaka, Esq.
Attorney ID: 038582009
Law Offices of Sadaka Associates, LLC
155 Dean Street, Suite 4-D
Englewood, New Jersey 07631
Phone (201) 266-5670
Attorneys for *Plaintiffs Ferdanindo Bosco and Claudette Jackson-Goodman*

| | |
|---|---|
| PLAINTIFFS FERDANINDO BOSCO, and CLAUDETTE JACKSON-GOODMAN,<br><br>   *Proposed Class Representatives*,<br><br>               v.<br><br>COMPASS GROUP USA, INC.; COMPASS ONE, LLC; and COMPASS 2K12 SERVICES, LLC<br>   *Defendants*. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY<br><br>Docket No.: BER-L-005214-22<br><br>CIVIL ACTION<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiffs Ferdanindo Bosco and Claudette Jackson-Goodman, individually, and on behalf of all others similarly situated, by and through their attorneys at SADAKA ASSOCIATES, LLC, allege against COMPASS GROUP USA, INC., COMPASS ONE, LLC., and COMPASS 2K12 SERVICES, LLC, as follows:

## **INTRODUCTION**

1.     This Class Action seeks damages on behalf of every hourly-paid employee of the named Defendants who were not paid properly for the hours they worked under N.J.S.A. §34:11-4.2 of the New Jersey Wage Payment Law.

2.     Through a common and uniform course of conduct, the named Defendants failed to properly pay their hourly-wage employees as promised, and since at least 2009.

## **PARTIES**

3.      Plaintiff, Ferdanindo Bosco was, at all times relevant, a resident of the State of New Jersey in the County of Bergen and was employed by the named Defendants during the class period in the State of New Jersey.

4.      Plaintiff, Claudette Jackson-Goodman was, at all times relevant, a resident of the State of New Jersey in the County of Bergen and was an employee of the Defendants during the class period in the State of New Jersey.

5.      At all times relevant, Defendant COMPASS GROUP USA, INC. was a Delaware Corporation, which provided management and support services to various locations where it employed union and non-union hourly-wage employees throughout the United States. Its principal place of business located at 2400 Yorkmont Road, Charlotte, N.C. 28217.

6.      At all times relevant, Defendant COMPASS ONE, LLC was a North Carolina Corporation which provided management and support services to various locations where it employed union and non-union hourly-wage employees throughout the United States. Its principal place of business located at 2400 Yorkmount Road, Charlotte, N.C. 28217.

7.      At all times relevant, Defendant COMPASS 2K12 SERVICES, LLC was a North Carolina Corporation which provided management and support services to various locations where it employed union and non-union hourly-wage employees throughout the United States. Its principal place of business located at 2400 Yorkmont Road Charlotte, N.C. 28217.

8.      Defendants COMPASS GROUP USA, INC.; COMPASS ONE, LLC; COMPASS 2K12 SERVICES, LLC are hereinafter referred to as "COMPASS".

9.      Upon information and belief, all Defendants conducted business throughout New Jersey and the United States at all times relevant herein.

## JURISDICTION

10.      Jurisdiction is proper in this Court as the amount in controversy is less than five million dollars, per 28 U.S.C. §1332(d)2, and this matter does not involve any federal question preemption.

11.      At least one cause of action is known to be filed alleging the same pattern of behavior by the named Defendants. There is a proposed National Class, originally filed in this Court, that was removed and is currently pending in the District Court of New Jersey [NO. 2:17-cv-13327].

12.      The National Class alleged in NO. 2:17-cv-13327, asserts causes of action for breach of contract and breach of implied contract that are in excess of five million dollars.

13.      The Class proposed herein, relates only to New Jersey state-court claims, which are worth far less than the five-million-dollar jurisdictional requirement set by 28 U.S.C. §1332(d)2 and as such, these claims are appropriately brought in this Court as these claims are specific to the state of New Jersey, pose no federal question jurisdiction, and can proceed independently from the claims pending in the District of New Jersey.

14.      No federal question pre-emption exists under §301 of the Labor Management Relations Act ("LMRA").

15.       The United States Supreme Court and New Jersey's Courts have consistently held that pre–emption in the context of §301 of the LMRA is only meant "to promote the peaceable, consistent resolution of labor-management disputes" and that pre-emption of state law claims only applies when interpretation of terms in collective bargaining agreements is required. Lingle v.

3

Norge Div. of Magic Chef, 486 U.S. 399, 404, 108 S.Ct. 1877, 1880 (1988); Hejda v. Bell Container Corp., 450 N.J. Super. 173, 187–88, 160 A.3d 741, 748 (App. Div. 2017).

16.     Under the facts alleged, the Third Circuit and the State of New Jersey are in agreement that §301 of the LMRA is inapplicable to the claims brought.

17.     Federal Courts in the Third Circuit routinely hold that §301 "has been interpreted as authorizing federal courts to fashion a body of common law for the enforcement of collective bargaining agreements" which allows for the pre-emption of state law claims only when "uniform interpretation of contract terms [is needed] to aid both the negotiation and the administration of collective bargaining agreements". Screen Actors Guild - Am. Fed'n of Television & Radio Artists, AFL-CIO v. Sheridan Broad. Networks, 841 F. App'x 369, 374 (3d Cir. 2020).

18.     §301 of the LMRA does not apply to the claims alleged because the claims alleged are rooted in N.J.S.A. § 34:11-4.2 of the New Jersey Wage Payment Law ("NJWPL"), and none of the claims require the interpretation of any of the terms of any contract, be it in the form of a Union's Collective Bargaining Agreement ("CBA"), a written employment contract, an implied contract, or any other kind of agreement to be paid for employment in the State of New Jersey.

### THE NEW JERSEY WAGE PAYMENT LAW
### GOVERNS THE CLAIMS PRESENTED

19.     For decades, New Jersey's Courts have enforced N.J.S.A. § 34:11-4.2 of the New Jersey Wage Payment Law to require "every employer to pay **the full amount** of wages due to his employees at least twice per month on regular pay days designated in advance by the employer, in lawful money of the United States or with checks on banks where arrangements are made for the cashing of such checks." Mulford v. Computer Leasing, Inc., 334 N.J. Super. 385, 395, 759 A.2d 887, 892 (Law. Div. 1999); **emphasis added**.

20.     This requirement, that employers pay the full amount of wages due, gives rise to the claims for this proposed state-wide Class action.

21.     N.J.S.A. §34:11-66 of the NJWPL permits the filing of the proposed Class's state law claims for Fraud, Negligence, the NJWPL, and Unjust Enrichment on behalf of the Defendants' employees who were not paid their full wages per N.J.S.A. § 34:11-4.2.

22.     In August of 2019, New Jersey enacted the New Jersey Wage Theft Act ("NJWTA") to create a cause of action under the NJWPL, allowing for special damages in cases like this where wages were not properly paid. Jones v. Hesp Solar, No. CV 20-13056 (SRC), 2021 WL 1904734, at *7 (D.N.J. May 12, 2021); *see also* Magee v. Francesca's Holding Corp., No. CV 17-565 (RBK/JS), 2020 WL 2768679, at *3 (D.N.J. May 28, 2020).

23.     The Economic Loss Doctrine does not prevent claims for Fraud, Unjust Enrichment, the NJWPL, and Negligence as alleged and under N.J.S.A. § 34:11-4.2 of the NJWPL.

## **FACTUAL ALLEGATIONS**

24.     All previous paragraphs are incorporated herein by reference.

25.     COMPASS is one of the largest contract foodservice companies in the world. Its employees provide food services and support for many individual locations all over the state of New Jersey and North America.

26.     COMPASS has foodservice locations in offices, factories, schools, universities, hospitals, correctional facilities, and anywhere else there is a need for hourly-wage, foodservice work.

27.     Through willful conduct and potentially by mistake, COMPASS failed to confirm that it properly paid its hourly-wage employees since at least 2009.

28.     This failure is systematic, unchecked, and it continues to this day.

29.     COMPASS operates a self-created payroll system called Webpayroll that can short its employees time, and COMPASS has never performed any audit or other investigation to confirm that its hourly-wage employees were and are being properly paid.

30.     This wage-shorting was and is, at all times alleged, preventable and correctable, through training and education of its employees, but COMPASS has not taken any steps to ensure that shorting was not and is not occurring, nor has it ever audited its system to make sure that its employees were paid properly.

31.     N.J.S.A. § 34:11-4.2 of the NJWPL has, at all times relevant, required COMPASS to pay the full amount of wages due in a timely manner.

32.     The failures to train and properly pay its employees combined with COMPASS' failure to audit and confirm that its employees were being paid properly gives rise to the claims in this proposed New Jersey Class action.

33.     At every COMPASS location, every individual employee's hours worked would be collected (either from a timecard or other medium) and then totaled up on a weekly or bi-weekly basis.

34.     Those weekly or bi-weekly totals would then be entered into a payroll system called WebPayroll, which was created, designed, controlled, and maintained by COMPASS since at least 2009.

35.     WebPayroll only accepts time in one format: the number of hours worked, and instead of minutes, it only accepts time in hundredths of an hour.

36.     Accordingly, if an hourly employee worked a total of thirty (30) hours and thirty (30) minutes in one pay period, the time entered into WebPayroll should be entered as 30.5 hours but was instead was mistakenly entered as 30.30 hours.

37.     Upon information and belief COMPASS employed a rounding tactic to round time to the nearest quarter of an hour, and COMPASS did not provide training on the need to enter time in hundredths of an hour, nor did it provide a conversion chart so that those inputting time into WebPayroll could do it correctly, nor did COMPASS educate its employees on the need to enter time in hundredths of an hour.

38.     COMPASS has never performed any audits or other checks to ensure that time was being entered in hundredths of an hour since it created WebPayroll some time before 2009.

39.     COMPASS has perpetuated this wage-shorting of its employees to its advantage since at least 2009 and, upon information and belief, the shorting continues into the present.

40.     This is contrary to the requirements of N.J.S.A. §34:11-4.2 which requires COMPASS to pay its New Jersey employees their full wages due, and in a timely manner. This failure of COMPASS to audit and confirm that its employees were being paid properly gives rise to the claims in this proposed state-wide Class action

41.     At some point in the 2016 to 2017 timeframe, COMPASS began phasing out WebPayroll worldwide, however, WebPayroll is believed to still be used today at some COMPASS locations, and potentially in New Jersey.

## PLAINTIFFS' EXPERIENCE

42.     Plaintiff Ferdanindo Bosco began working as an hourly-paid employee for COMPASS during the relevant Class period and he was employed in the State of New Jersey for most, if not all, of that time.

43.     Plaintiff Claudette Jackson-Goodman began working for COMPASS as an hourly-paid employee during the relevant Class period and she was employed in the State of New Jersey for most, if not all, of that time.

44.     Due to COMPASS's concealment of material facts, Plaintiffs only recently learned that COMPASS created and maintained a payroll system that only accepted time in hundredths of an hour and not in minutes.

45.     Due to COMPASS's concealment of material facts, Plaintiffs only recently learned that COMPASS was willfully or negligently shorting its employees' pay due to faults in how COMPASS paid its employees.

46.     Due to COMPASS's concealment of material facts, Plaintiffs only recently became aware that COMPASS has never performed any audit or otherwise confirmed that the proper wages were paid to its employees, and that COMPASS is currently withholding proper payment of funds to them and the rest of the Class, which is contrary to the requirements of N.J.S.A. § 34:11-4.2 and New Jersey law.

## CLASS ALLEGATIONS

47.     All previous paragraphs are incorporated herein by reference.

48.     Pursuant to New Jersey Rule 4:32, Plaintiffs bring this action on behalf of themselves and all other hourly wage employees of COMPASS who were deprived wages for employment that took place in the State of New Jersey since at least 2009 and into the present.

49.     This action is brought as a Class action and may be so maintained pursuant to the provisions of New Jersey Rules of Civil Procedure, as the numerosity, commonality, typically, and adequacy requirements under New Jersey law are satisfied.

50.     The members of this Class are so numerous as to render joinder impracticable.

51.     Joinder of all these individuals is impracticable because of the large number of Class members and the fact that Class members are likely dispersed over a large geographic area, with some members residing outside of the State of New Jersey.

52.     Common questions of law and fact exist as to all members of the Class that predominate over any questions that effect only individual members of the Class.

53.     These common questions of law and fact include, without limitation, whether COMPASS paid its employees properly and that information is readily ascertainable from the time recorded in WebPayroll. No individual questions of fact exist for any member of the entire Class or any potential Sub-Class thereof.

54.     Plaintiffs' claims are typical of the claims of the members of the Class.

55.     The harms suffered by the Plaintiffs are typical of the harms suffered by the individual members of the Class because all have had their wages shorted in the same way and COMPASS has concealed the shorting from all of them.

56.     The representative Plaintiffs have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of all hourly wage employees who have been shorted in the proposed Class. Plaintiffs have no interests that are averse to the interests of the members of the Class.

57.     A Class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all of COMPASS hourly employees in this action is impracticable, given the large number of Class members and the fact that they are dispersed over a large geographic area.

58.     Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to seek redress for these violations on their own. The cost to the judicial system would also be enormous. Individualized litigation would also magnify the delay to all parties and the bog down the civil justice system unnecessarily.

59.     The named Plaintiffs have retained counsel with substantial experience and success in the prosecution of Class action and civil litigation claims. Plaintiffs are represented by the Law Offices of Sadaka Associates, LLC. Plaintiffs' counsel has the resources, expertise and experience to successfully prosecute the action against the Defendants. No known conflict exists between the Plaintiffs and members of the Class, or between counsel and members of the Class.

60.     Upon information and belief, there is at least one other action pending to address the named Defendants' conduct in shortening its employees' wages, and that action alleges a National Class, and not a class specific to New Jersey.

61.     The proposed New Jersey Class can and should be litigated separately and apart from the National Class, for reasons of local controversy and because of the jurisdictional amount being less than five-millions dollars, under 28 U.S.C. §1332(d)2.

62.     As such, Plaintiffs seek Class certification under the New Jersey Rules in that the questions of law and fact are common to all members of the Class and any Sub-Class thereof, and those common elements predominate over any questions affecting only individual members, and a Class action is far superior to other available methods for the fair and efficient adjudication of the state law claims asserted in this Complaint.

## COUNT I:
## NEGLIGENCE

63.     All previous paragraphs are incorporated herein by reference.

64.     N.J.S.A. § 34:11-4.2 of the NJWPL requires COMPASS to pay the full amount of wages due to its employees in a timely manner.

65.     N.J.S.A. §34:11-66 of the NJWPL permits the filing of the proposed Class's state law claim for Negligence on behalf of the Defendants' employees who were not paid their full wages per N.J.S.A. § 34:11-4.2.

66. The failures of COMPASS to properly educate and train its employees to enter time and then confirm that its employees were being paid properly, gives rise to the claim of Negligence in this proposed state-wide Class action.

67. Upon information and belief, COMPASS never trained its employees how to properly enter time its self-created WebPayroll system, nor did COMPASS ever inform its employees that time could only be paid in hundredths of an hour and not in minutes.

68. COMPASS breached its duty to the Plaintiffs and the proposed Class when it did not perform any audits or other checks to ensure that time was being paid properly, and as required by N.J.S.A. § 34:11-4.2 of the NJWPL.

69. This breach led to the mass underpayment of COMPASS's employees throughout the state of New Jersey since at least 2009.

70. COMPASS withheld this material information from its hourly-paid employees since the time when it created and began maintaining WebPayroll, as far back as 2009.

71. Plaintiffs recently became aware of the fact that COMPASS has never audited its self-created payroll system, WebPayroll, to confirm that it was paying its employees properly, and that COMPASS is withholding funds from them for wages not properly paid.

72. The named Plaintiffs and others similarly situated have been damaged due to the actions of the COMPASS.

**WHEREFORE,** the Plaintiffs demand judgment against COMPASS and request compensatory damages for all unpaid wages for the entire Class, prejudgment and post-judgment interest as allowed by law, costs of suit and attorney's fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## COUNT II:
## FRAUD

73.     All previous paragraphs are incorporated herein by reference.

74.     N.J.S.A. § 34:11-4.2 of the NJWPL requires COMPASS to pay the full amount of wages due in a timely manner. The failures of COMPASS to properly educate and train its employees to enter time and then audit to confirm that its employees were being paid properly gives rise to the claim of Fraud in this proposed state-wide Class action.

75.     N.J.S.A. §34:11-66 of the NJWPL permits the filing of the proposed Class's state law claim for Fraud on behalf of the Defendants' employees who were not paid their full wages per N.J.S.A. § 34:11-4.2.

76.     COMPASS represented that it was properly paying its hourly-wage employees, since at least 2009, when it was not.

77.     Through purposeful and perhaps unintentional conduct, COMPASS has not properly paid its employees to date, including the Plaintiffs and other proposed class members.

78.     Through purposeful and perhaps unintentional conduct, COMPASS has concealed the fact that it has not properly paid its employees to date, including the Plaintiffs and other proposed class members.

79.     At any time from at least 2009 to the present, COMPASS could have and should have audited its self-created WebPayroll system, to ensure that it was properly paying its employees, as required by N.J.S.A. § 34:11-4.2, but COMPASS has failed to do so.

80.     Every time Plaintiffs and other Class members were paid, they were misled into believing that they were being properly paid by COMPASS, because New Jersey law requires that COMPASS pay its employees the full wages due in a timely manner. However, shorting occurred

due to COMPASS's failures to confirm that proper payment was being made, and those failures continue to this day after COMPASS learned that it failed to properly pay its employees.

81.     Plaintiffs and other Class members reasonably relied on COMPASS to pay them their proper wages in a timely manner, as required by New Jersey law.

82.     Plaintiffs and other Class members have been damaged as a result of COMPASS's failures to properly train its employees how to enter time and to confirm that COMPASS was paying its employees properly.

**WHEREFORE,** the Plaintiffs demand judgment against COMPASS and request compensatory damages for all unpaid wages for the entire Class, prejudgment and post-judgment interest as allowed by law, costs of suit and attorney's fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

**COUNT III:**
**UNJUST ENRICHMENT**

83.     All previous paragraphs are incorporated herein by reference.

84.     N.J.S.A. § 34:11-4.2 of the NJWPL requires COMPASS to pay the full amount of wages due in a timely manner. The failures of COMPASS to pay its employees has its genesis in COMPASS's failures to train its employees to properly enter time and with the fact that COMPASS has never audited its self-created payroll system to confirm that it was paying its employees properly.

85.     N.J.S.A. §34:11-66 of the NJWPL permits the filing of the proposed Class's state law claim for Unjust Enrichment on behalf of the Defendants' employees who were not paid their full wages per N.J.S.A. § 34:11-4.2.

86.     Through purposeful and perhaps unintentional conduct, COMPASS has not properly paid its employees to date, including the Plaintiffs and other proposed Class members.

87.     Through purposeful and perhaps unintentional conduct, COMPASS has concealed the fact that it has not properly paid its employees to date, including the Plaintiffs and other proposed Class members.

88.     At any time, from at least 2009 to the present, COMPASS could have and should have audited its self-created WebPayroll system, as required by N.J.S.A. § 34:11-4.2, to ensure that it was properly paying its employees, but COMPASS failed to do so.

89.     Plaintiffs and other Class members incurred a benefit to COMPASS that is inequitable and should be compensated.

90.     Plaintiffs and other Class members have been damaged as a result of COMPASS's failures to properly train its employees how to enter time and to confirm that COMPASS was paying its employees properly.

**WHEREFORE,** the Plaintiffs demand judgment against COMPASS and requests compensatory damages for all unpaid wages for the entire Class, prejudgment and post-judgment interest as allowed by law, costs of suit and attorney's fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## COUNT IV:
## NJWPL

91.     All previous paragraphs are incorporated herein by reference.

92.     N.J.S.A. § 34:11-4.2 of the NJWPL requires COMPASS to pay the full amount of wages due in a timely manner. The failures of COMPASS to pay its employees has its genesis in COMPASS's failures to train its employees to properly enter time and with the fact that

COMPASS has never audited its self-created payroll system to confirm that time was being entered correctly.

93. In August of 2019, New Jersey enacted the New Jersey Wage Theft Act ("NJWTA") to create a cause of action under the NJWPL, allowing for special damages in cases where wages are not properly paid.

94. The WebPayroll system was still in use at COMPASS in the 2019 timeframe, when this new legislation created this new cause of action for employees in the State of New Jersey.

95. Any potential Class members whose wages were shorted after August of 2019 have causes of action for special damages under the NJWPL.

96. Plaintiffs and other Class members have been damaged as a result of COMPASS's failures to properly train its employees how to enter time and to confirm that COMPASS was paying its employees properly.

**WHEREFORE,** the Plaintiffs demand judgment against COMPASS and requests compensatory damages for all unpaid wages for the entire Class, prejudgment and post-judgment interest as allowed by law, costs of suit and attorney's fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

A. Under R. 4:32-2, an Order certifying this action as a Class action, defining the Class as

requested herein, appointing the undersigned as Class counsel, and finding that Plaintiffs are proper representatives of the Class requested herein;

B. Awarding damages in favor of Plaintiffs and the New Jersey Class and any sub-Class therein, against all Defendants, jointly and severally, in an amount to be proven at trial, including interest thereon;

C. Awarding Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D. Awarding disgorgement, or such other equitable or injunctive relief as deemed appropriate by the Court;

E. An incentive award for the lead Plaintiffs;

F. A judgment in favor of Plaintiffs and the Class, awarding them pre-judgment and post-judgment interest; and

G. An award of such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully Submitted,

**SADAKA ASSOCIATES, LLC**

Attorneys for Plaintiff

By: _____

Mark T. Sadaka, Esq.
SADAKA ASSOCIATES LLC
155 North Dean Street, Suite 4-D
Englewood, NJ 07631
Tel: (201) 266-5670
Fax: (201) 266-5671
Email: mark@sadakafirm.com

Dated: October 11, 2022

16

## <u>CERTIFICATION PURSUANT TO RULE 4:5-1</u>

I hereby certify that, to the best of my knowledge and belief, the transactional facts in the matter in controversy is not the subject of any other pending action other than the following:

a. O'Brien v. Compass et al., United States District Court for the District of New Jersey, Case NO. 2:17-cv-13327.

The instant action is separate and apart from the pending federal action in that only New Jersey law and employees are relevant to this case, no federal question preemption applies, nor does the amount in controversy meet the threshold for purposes of diversity jurisdiction. To Plaintiffs' and Plaintiffs' Counsel's knowledge, no other pending action based on the same transactional facts is pending in any other courts or arbitration proceedings, and there are no additional parties known who should be joined to the instant action in controversy at this time. Further, I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

**SADAKA ASSOCIATES, LLC**
Attorneys for Plaintiff

By: _____
    Mark T. Sadaka, Esq.
    SADAKA ASSOCIATES LLC
    155 North Dean Street, Suite 4-D
    Englewood, NJ 07631
    Tel: (201) 266-5670
    Fax: (201) 266-5671
    Email: mark@sadakafirm.com

Dated: October 11, 2022

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to <u>R.</u> 4:5-1(c), the Court is hereby advised that Mark T. Sadaka, Esq. is hereby

designated as trial counsel in this matter.


**SADAKA ASSOCIATES, LLC**

Attorneys for Plaintiff

By: _____
   Mark T. Sadaka, Esq.
   SADAKA ASSOCIATES LLC
   155 North Dean Street, Suite 4-D
   Englewood, NJ 07631
   Tel: (201) 266-5670
   Fax: (201) 266-5671
   Email: mark@sadakafirm.com


Dated: October 11, 2022