UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FERDANINDO BOSCO AND CLAUDETTE JACKSON-GOODMAN,<br><br>Plaintiffs,<br><br>v.<br><br>COMPASS GROUP USA, INC.; COMPASS ONE, LLC; and COMPASS 2K12 SERVICES, LLC,<br><br>Defendants. | Civil Action No. 22-cv-6909 (JXN)(JRA)<br><br>**OPINION** |

**NEALS**, District Judge:

Before this Court is Defendants Compass Group USA, Inc., Compass One, LLC, and Compass 2K12 Services, LLC's (collectively, "Defendants" or "Compass") motion to dismiss Plaintiffs Ferdanindo Bosco ("Bosco") and Claudette Jackson-Goodman's ("Jackson-Goodman") (collectively, "Plaintiffs") Amended Complaint (ECF No. 1 at 24-41) ("Am. Compl." or "Amended Complaint") for lack of standing and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 83). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1441, respectively. The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' motion to dismiss (ECF No. 83) is **GRANTED**. The Amended Complaint (ECF No. 1 at 24-41) is **DISMISSED with prejudice**.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiffs, former employees of Compass, bring this class action on behalf of all employees "who were not paid properly for the hours they worked" pursuant to N.J. Stat. Ann. § 34:11-4.2 of the New Jersey Wage Payment Law ("NJWPL"). While the Amended Complaint does not set forth the dates Plaintiffs worked for Compass, Defendants have set forth affidavit evidence and deposition testimony establishing that Bosco's employment ended on June 21, 2017, and Jackson-Goodman's employment ended on June 23, 2017.[2] (*See* Certification of William P. McLane ("McLane Cert."), ECF No. 83-2 at Ex. B at 33:13-34:10; Ex. C at 63:10-12; Ex. D at ¶¶ 3-4).[3]

According to the Amended Complaint, Compass provides food services and support to various locations over New Jersey and North America, including offices, factories, schools, universities, hospitals, and correctional facilities. (Am. Compl. ¶¶ 25-26). Since at least 2009, Compass has "failed to properly pay their hourly-wage employees as promised" by engaging in a "common and uniform course of conduct." (*Id.* at ¶¶ 2, 27). Compass operates WebPayroll, a self-created payroll system that can short employees' time. (*Id.* at ¶ 29). At every Compass location, each employee's hours worked would be collected and totaled up on a weekly or bi-weekly basis, which would then be entered into WebPayroll. (*Id.* at ¶¶ 33-34). However, WebPayroll only accepts the numbers of hours worked and does not accept minutes, but instead accepts time in

---

[1] The following factual allegations are taken from the Amended Complaint that are accepted as true. *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n.27 (3d Cir. 2010).
[2] During her deposition, Jackson-Goodman testified that she did not work for Compass 2K12 after 2013. (*See* McLane Cert., Ex. B at 33:13-34:10).
[3] While generally a court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation modified). Plaintiffs' reference their employment at Compass, which is integral to the class action, but fail to provide dates for their employment. As such, the Court will consider Plaintiffs' deposition testimony and the certification of Robert Spuler, a Regional Human Resources Business Partner for Compass Group USA, Inc., in this Opinion.

hundredths of an hour. (*Id.* at ¶ 35).[4] Plaintiffs allege Compass "employed a rounding tactic to round time to the nearest quarter of an hour," "did not provide training on the need to enter time in hundredths of an hour, nor did it provide a conversion chart so that those inputting time into WebPayroll could do it correctly," and did not "educate its employees on the need to enter time in hundredths of an hour." (*Id.* at ¶ 37). Compass "has never performed any audit or other investigation to confirm that its hourly-wage employees were and are being properly paid." (*Id.* at ¶¶ 29, 38). "[I]n the 2016 to 2017 timeframe, C[ompass] began phasing out WebPayroll worldwide, however, WebPayroll is believed to still be used today at some C[ompass] locations, and potentially in New Jersey." (*Id.* at ¶ 41).

On September 26, 2022, Plaintiffs filed a Complaint. (ECF No. 1 at 6-20) ("Complaint"). Thereafter, Plaintiffs filed an Amended Complaint on October 11, 2022. (Am. Compl.). In the Amended Complaint, Plaintiffs raise four causes of action: (1) negligence (Count I); (2) fraud (Count II); (3) unjust enrichment (Count III); and (4) violation of the NJWPL (Count IV). (*See generally id.*) On November 30, 2022, Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF No. 1).

On September 27, 2024, Defendants filed a motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 83) ("Br.").[5]

---

[4] The Amended Complaint provides the following example: "Accordingly, if an hourly employee worked a total of thirty (30) hours and thirty (30) minutes in one pay period, the time entered into WebPayroll should be entered as 30.5 hours but . . . instead was mistakenly entered as 30.30 hours." (Am. Compl. ¶ 36).

[5] On December 21, 2022, Defendants moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and raised similar arguments to the present motion. (ECF No. 9). While this motion was fully briefed, (ECF Nos. 15-16, 21), Plaintiffs filed a motion to remand this case back to New Jersey state court on February 13, 2023. (ECF Nos. 19-20). Thereafter, Defendants' motion to dismiss was administratively terminated without prejudice pending a decision on the motion to remand; and ordered if the Court retained jurisdiction, Defendants would have leave to reinstate their motion to dismiss. (ECF No. 33). After the remand motion was fully briefed, the parties filed a letter with the Court stating: "Plaintiffs have agreed to withdraw their motion for remand in the case and agree to submit themselves to this Court's jurisdiction." (ECF No. 36). Notwithstanding Plaintiffs' willingness to submit to the Court's jurisdiction, the Honorable Jose R. Almonte considered the remand motion and entered a Report and Recommendation ("R&R") on September 21, 2023, recommending that subject matter jurisdiction existed under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (ECF No. 42). On October 13, 2023, this Court adopted the R&R.

Plaintiffs opposed the motion (ECF No. 87) ("Opp'n"), to which Defendants replied. (ECF Nos. 90-91) ("Reply"). Upon receiving permission from the Court, (ECF No. 93), Plaintiffs filed a sur-reply. (ECF No. 95) ("Sur-reply"). Accordingly, the motion is ripe for the Court to decide.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)

A complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citation modified). A party can move to dismiss for lack of subject matter jurisdiction at any time. *Little v. W. Orange School District*, No. 23-402, 2024 WL 3858122, at *3 (D.N.J. Aug. 19, 2024). "Challenges to subject matter jurisdiction can be either 'facial' or 'factual.'" *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In considering a Rule 12(b)(1) motion to dismiss, a district court must first determine whether the motion "attack[s]" (1) the complaint as deficient on its face; or (2) "the existence of subject matter jurisdiction in fact, . . . apart from any pleadings." *Mortensen*, 549 F.2d at 891.

A "facial attack" asserts that the "plaintiff did not properly plead jurisdiction," whereas a "factual attack" involves an averment that "jurisdiction is lacking based on facts outside of the pleadings . . . ." *Smolow*, 353 F. Supp. 2d at 566 (citation modified). In a "facial attack", the court must "consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (citation modified). When a party has yet to answer the Complaint or engage in

---

(ECF No. 49). Thereafter, on December 21, 2023, Defendants filed an Answer to the Amended Complaint. (ECF No. 53).

4

discovery, the motion to dismiss is a facial attack on the Court's subject matter jurisdiction. *See Askew v. Trs. of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith, Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial"). On a "factual" attack, the Court may "weigh and consider evidence outside the pleadings" and no "presumptive truthfulness attaches to the plaintiff's allegations." *Id.* at 346 (citation modified). In both scenarios, the plaintiff bears the burden of proving jurisdiction. *Id.*

### B. Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his or] her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however,

5

"must accept all of the complaint's well-pleaded facts as true[.]" *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## C. Motion for Judgment on the Pleadings Pursuant to Rule 12(c)

As Defendants filed the current motion to dismiss after filing an Answer to the Amended Complaint (ECF No. 53), the Court construes Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). *See Symbiont Sci. Eng'g and Constr., Inc. v. Ground Improvement Servs., Inc.*, 723 F. Supp. 3d 363, 373 n.6 (D.N.J. 2024). Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). In resolving a motion made pursuant to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant. *See Rosenau*, 539 F.3d at 221.

Furthermore, even though a motion for judgment on the pleadings is appropriate after the pleadings have been closed, such a motion is reviewed under the same standards that apply to a motion to dismiss made under Rule 12(b)(6). *See Szczurek v. Prof'l Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)); *see also Muhammad v. Sarkos*, 2014 WL 4418059, at *1 (D.N.J. Sept. 8, 2014) ("Where a

defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim.") (citing *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *Gebhart v. Steffen*, 574 F. App'x 156, 157 (3d Cir. 2014)).

### III. DISCUSSION

Defendants raise three primary arguments in support of their motion. First, Defendants argue the Court should dismiss the NJWPL claims because the claims are time-barred because they are governed by the two-year statute of limitations. (Br. at 12-14).[6] Second, Defendants argue even if the claims were not time-barred, the Court should dismiss the Amended Complaint because neither Plaintiff can act as a viable class representative. (*Id.* at 15-16). Finally, Defendants argue the fraud claim must be dismissed because Plaintiffs' fail to satisfy the heightened pleading standard. (*Id.* at 17-19). Plaintiffs challenge each of these assertions. (*See generally* Opp'n). As the Court finds each of the claims are time-barred, the Court will dismiss the Amended Complaint with prejudice and need not address Defendants' other arguments.

The NJWPL "'governs the time and mode of payment of wages due to employees,' and is a remedial statute to be construed liberally." *Maia v. IEW Constr. Grp.*, 313 A.3d 887, 895 (N.J. 2024) (quoting *Hargrove v. Sleepy's, LLC*, 220 N.J. 289, 302 (2015)). It "is designed to protect an employee's wages and to assure timely and predictable payment." *Hargrove*, 106 A.3d at 463. The NJWPL requires employers to pay wages at certain regular intervals. N.J. Stat. Ann. § 34:11-4.2. The statute provides that "every employee . . . shall have a right of civil action against any . . . employer for the full amount of his wages in any court of competent jurisdiction in this

---

[6] For sake of clarity, when citing the parties' briefs and supporting documents, the Court cites to the page number listed in the ECF header. If there is no page number listed in the ECF header, the Court cites to the page number listed in the respective document.

State." N.J. Stat. Ann. § 34:11-4.7. If an employer violates the statute, the NJWPL permits an employee to sue to recover the "full amount of his wages." *Id.*; *see also Portillo v. Nat'l Freight, Inc.*, No. 10-7908, 2022 WL 2078276, at *6 (D.N.J. June 9, 2022).

"The [NJ]WHL is designed to 'protect employees from unfair wages and excessive hours.'" *Hargrove*, 106 A.3d at 458 (quoting *In re Raymour & Flanigan Furniture*, 964 A.2d 830, 836 (N.J. Super. Ct. App. Div. 2009)). The NJWHL establishes "a minimum wage and also an overtime rate for each hour worked in excess of forty hours in any week for certain employees," *id.* at 458 (citing N.J. Stat. Ann. § 34:11-56a4), "and authorizes the filing of a civil action against an employer by an employee who is not paid in accordance with the statute's requirements." *Cruz v. Aspen Landscaping Contracting, Inc.*, 2024 WL 5230483, at *7 (N.J. Super. Ct. App. Div. Dec. 27, 2024) (citing N.J. Stat. Ann. § 34:11-56a25). "In its original form, the [NJWHL] did not contain any limitations provision, but a little more than a year after enactment, the law was amended to add a two-year statute of limitations with respect to private causes of action, *L.* 1967, *c.* 216." *Troise v. Extel Comms., Inc.*, 784 A.2d 748, 753 (N.J. Super. Ct. App. Div. 2001), *aff'd*, 808 A.2d 96 (N.J. 2002); *see also* N.J. Stat. Ann. § 34:11-56a25.1 (codifying two-year limitations period for NJWHL claims).

On August 6, 2019, New Jersey enacted the Wage Theft Act ("NJWTA"). S. 1790/A. 2903 (2019). Specifically with respect to the NJWPL, the NJWTA "amended the NJWPL to include an express cause of action that permits the recovery of additional remedies." *Morales v. Aqua Pazza LLC*, No. 20-6690, 2022 WL 1718050, at *4 n.9 (D.N.J. May 27, 2022) (citing N.J. Stat. Ann. § 34:11-4.10(c)).[7] Additionally, with respect to the NJWHL, any claims accruing from August 6,

---

[7] N.J. Stat. Ann. § 34:11-4.10(c) permits an employee to

recover in a civil action the full amount of any wages due, or any wages lost because of any retaliatory action taken in violation of [N.J. Stat. Ann. § 10(a)] . . . plus an amount of liquidated

2019, and forward were provided a six-year statute of limitations period. *See* N.J. Stat. Ann. § 34:11-56a25.1; *see also Liu v. New Dickson Trading, LLC*, No. 21-15779, 2023 WL 3736351, at *5 (D.N.J. May 30, 2023).

In *Maia*, the New Jersey Supreme Court analyzed the amendments made to the NJWPL and the NJWHL. *See* 313 A.3d at 895-97. The New Jersey Supreme Court expressly stated the NJWTA did "not include any language about the limitations period for claims brought under the [NJ]WPL." *Id.* at 897 n.3. Rejecting the New Jersey Appellate Division's conclusion that the NJWHL's six-year limitations period applied to the NJWPL "despite the amendments' silence on that point," the New Jersey Supreme Court concluded "[t]he explicit establishment of a six-year limitations period for the [NJ]WHL has no bearing on the limitations period for the [NJ]WPL." *Id.* The New Jersey Supreme Court also concluded the NJWTA was "to be applied prospectively to conduct that occurred on or after August 6, 2019 – [the NJWTA]'s effective date -- not retroactively to conduct that occurred before the effective date." *Id.* at 900; *see also Ajanel v. JC HVAC LLC*, No. 24-2150, 2025 WL 1671318, at *5 (D.N.J. June 12, 2025) (stating the NJWTA's "extension of the limitations period was not retroactive").

Upon review of the Amended Complaint, the Court finds Plaintiffs' NJWPL claims must be dismissed. Plaintiffs seemingly concede that the NJWPL is governed by a two-year statute of limitations. (*See* Opp'n at 8 ("The two-year statute of limitations for the NJWPL claims that Compass refers to in its motion is for claims alleging that an employer was purposefully withholding wages, not shorting its employees."); *id.* at 6 ("While it may be true that the named Plaintiffs do not have claims because they were employees before 2019, there may be claims existing for the proposed class under the 2019 amendment.")).

damages equal to not more than 200 percent of the wages lost or of the wages due, together with costs and reasonable [attorneys'] fees[.]

9

Notwithstanding this concession, Plaintiffs argue the negligence, unjust enrichment, and fraud claims are not subject to the two-year statute of limitations because they fall under the "catch-all" provision under N.J. Stat. Ann. § 34:11-66. (Opp'n at 9-10). Plaintiffs rely upon *Meyers v. Heffernan*, No. 12-2434, 2014 WL 3343803, at *6 (D.N.J. July 8, 2014), where the Court found "a private cause of action under the [NJ]WPL is subject to the six-year statute of limitations that is provided by N.J.[ Stat. Ann. § 2A:14-1 for breach of contract claims for economic harm." However, *Meyers* was decided nearly ten years before *Maia*, where the New Jersey Supreme Court expressly stated the six-year statute of limitations for NJWHL claims did not apply to the NJWPL. *See Maia*, 313 A.3d at 897 n.3. Further, in the Amended Complaint, Plaintiffs allege that the claims "are rooted in N.J.[ Stat Ann.] § 34:11-4.2 of the [NJWPL]." (Am. Compl. ¶ 18; *see also* Am. Compl. ¶¶ 19-23 (explaining the NJWPL governs the claims presented in the Amended Complaint). Plaintiffs also allege their claims of negligence (Am. Compl. ¶¶ 64-65), fraud (*id.* at ¶¶ 74-75), and unjust enrichment (*id.* at ¶¶ 84-85) all arise under the NJWPL. As such, the Court does not find *Meyers* to alter the two-year statute of limitations period.[8]

The Court finds Defendants have demonstrated that the claims are time-barred. Defendants have put forth affidavit evidence and deposition testimony establishing that Bosco's employment ended on June 21, 2017, and Jackson-Goodman's employment ended on June 23, 2017. (McLane Cert., Ex. B at 33:13-34:10; Ex. C at 63:10-12; Ex. D at ¶¶ 3-4). Any payments owed to Plaintiffs would have been due at the end of June 2017, with the statute of limitations for the NJWPL claims expiring in June 2019. However, Plaintiffs did not file their Complaint until September 26, 2022,

---

[8] In their sur-reply, Plaintiffs also rely upon *Troise* to support their proposition that "claims for unpaid wages under the NJWPL are governed by a six-year statute of limitations." (Sur-reply at 6-7). However, the *Troise* Court considered whether a two- or six-year limitations period applied to an employee's underpayment of wages claims pursuant to the New Jersey Prevailing Wage Act, N.J. Stat. Ann. § 34:11-56.25, *et seq.* 784 A.2d at 750. *Troise* did not address the statute of limitations for the NJWPL. Therefore, the Court finds *Troise* unpersuasive.

and their Amended Complaint on October 11, 2022, over three years *after* the limitations period expired. (*See* Compl.; Am. Compl.). Since all claims raised in the Amended Complaint are subject to the two-year statute of limitations, the Court finds Plaintiffs' claims are all time-barred. Notwithstanding, even if the Court were to apply the six-year statute of limitations, the *Maia* Court expressly found that the limitations period would apply prospectively, not retroactively. *See* 313 A.3d at 900. Therefore, Plaintiffs' claims would still be time-barred under the six-year statute of limitations. Accordingly, the Court dismisses the Amended Complaint with prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 83) is **GRANTED**. The Amended Complaint (ECF No. 1 at 24-41) is **DISMISSED with prejudice**. An appropriate Order accompanies this Opinion.

DATED: 6/23/2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge