**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

FERDANINDO BOSCO and
CLAUDETTE JACKSON-GOODMAN,

        Plaintiffs,

        v.

COMPASS GROUP USA, INC.,
COMPASS ONE, LLC, and COMPASS
2K12 SERVICES, LLC,

        Defendants.

Civil Action No. 22-6909 (JXN)(JRA)

**MEMORANDUM OPINION AND
ORDER**

**NEALS**, District Judge

Before the Court is Plaintiffs Ferdanindo Bosco ("Bosco") and Claudette Jackson-Goodman's ("Jackson-Goodman") (collectively, "Plaintiffs") motion for reconsideration of the Court's Opinion and Order (ECF No. 97, 98) granting Defendants Compass Group USA, Inc., Compass One, LLC, and Compass 2K12 Services, LLC's (collectively, "Compass" or "Defendants") motion to dismiss. (ECF No. 99.) Defendants opposed the motion. (ECF No. 102.) The Court has carefully reviewed and considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure[1] 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiffs' motion for reconsideration is **DENIED**.

### I.    BACKGROUND

The relevant factual allegations and procedural history of this matter are set forth in more detail in the June 23, 2025, Opinion (ECF Nos. 97); as such, the Court only recites those relevant to the present motion. Briefly, Compass provides food services and support to various locations

---

[1] Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

throughout New Jersey and North America, including offices, factories, schools, universities, hospitals, and correctional facilities. (*See* Notice of Removal, Ex. A. at *24-41,[2] Am. Compl. ¶¶ 25-26, ECF No. 1.) Plaintiffs and proposed class representatives Bosco and Jackson-Goodman seek damages on behalf of every hourly-paid employee of Compass who was not paid properly for the hours they worked. (*Id*. ¶ 1.) In the Amended Complaint, Plaintiffs assert claims of negligence, fraud, unjust enrichment, and violations of N.J.S.A. § 34:11-4.2 of the New Jersey Wage Payment Law ("NJWPL"). (*See id*. ¶¶ 63-96.) Defendants moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 83). In support of their motion, Defendants presented undisputed evidence establishing that Bosco and Jackson-Goodman's employment with Compass ended in June 2017. (*see* McLane Cert., Ex. B at 33:13-34:10; Ex. C at 63:10-12; Ex. D at ¶¶ 3-4, ECF No. 83-2.)

On June 23, 2025, the Court issued an Opinion and Order granting Defendants' motion to dismiss. (See ECF Nos. 97, 98.) The Court noted that the NJWPL is governed by a two-year statute of limitations.[3] (June 23, 2025 Op. at 9, ECF No. 97.) The Court also observed that "in the Amended Complaint, Plaintiffs allege that the claims 'are rooted in N.J.S.A. § 34:11-4.2 of the [NJWPL].'" (*Id*. at 10) (citing Am. Compl. ¶ 18; *id*. ¶¶ 19-23 (explaining that the NJWPL governs the claims in the Amended Complaint)); *id*. ¶¶ 64-65,74-75, 84-85 (alleging Plaintiffs' negligence, fraud, and unjust enrichment claims all arise under the NJWPL).) The Court found that, based on

---

[2] Pincites preceded by an asterisk (*) refer to ECF pagination.

[3] The Court was unpersuaded by Plaintiff's reliance on *Meyers v. Heffernan*, No. 12-2434, 2014 WL 3343803 (D.N.J. July 8, 2014) or *Troise v. Extel Comms., Inc*., 784 A.2d 748 (N.J. Super. Ct. App. Div. 2001), *aff'd*, 808 A.2d 96 (N.J. 2002) to argue that a six-year statute of limitations applied to Plaintiffs' NJWPL claims. (*Id*. at 10.) The Court noted that "*Meyers* was decided nearly ten years before *Maia*, where the New Jersey Supreme Court expressly stated the six-year statute of limitations for NJWHL claims did not apply to the NJWPL." (*Id*.) (citing *Maia*, 313 A.3d at 897 n.3.) As such, the Court found that "*Meyers* did not alter the two-year statute of limitation period." (*Id*.) The Court was similarly unpersuaded by Plaintiff's reliance on *Troise. (Id.* at 10, n.8.) The Court noted that the *Troise* Court considered whether a two- or six-year limitations period applied to an employee's claims pursuant to the New Jersey Prevailing Wage Act, but did not address the statute of limitations for the NJWPL. (*Id*.) (citing *Troise*, 784 A.2d at 750.)

2

Plaintiffs' employment end dates, any payments owed to them by Compass would have been due by the end of June 2017, and that the statute of limitations for the NJWPL claims would have expired in June 2019. (*Id.* at 10.) The Court noted that Plaintiffs did not file this action until September 26, 2022, more than three years *after* the limitations period expired. (*Id.* at 10-11.) Additionally, the Court stated that the amendment to the NJWPL was "to be applied prospectively to conduct that occurred on or after August 6, 2019 -- [the NJWTA]'s[4] effective date -- not retroactively to conduct that occurred before the effective date." (*Id.* at 9) (quoting *Maia v. IEW Constr. Grp.*, 313 A.3d 887, 900 (2024).) Therefore, even if the Court were to apply the six-year statute of limitations, Plaintiffs' claims would still be barred because "the limitations period would apply prospectively, not retroactively." (*Id.* at 11) (citing *Maia*, 313 A.3d at 900.) Consequently, the Court concluded that Plaintiffs' claims are subject to the NJWPL's two-year statute of limitations, making them time-barred, and dismissed the Amended Complaint with prejudice. (*See id.* at 11.)

On July 7, 2025, Plaintiffs filed the instant motion for reconsideration of the Court's June 23, 2025 Opinion and Order. (ECF No. 99). Defendants opposed the motion. (ECF No. 102). The motion is now ripe for the Court to decide.

## II.  LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very

---

[4] On August 6, 2019, the New Jersey legislature amended both the NJWPL and the New Jersey Wage and Hour Law ("NJWHL" through Chapter 212, also known as the New Jersey Wage Theft Act ("NJWTA"). *See Guimaraes v. Metal Transp., LLC*, 790 F. Supp. 3d 389, 398 (M.D. Pa. 2025).

sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)).

"The purpose of a motion for reconsideration is to correct a manifest error of law or fact or to present newly discovered evidence." *Sync Labs LLC v. Fusion-Manufacturing*, No. 11-3671, 2013 WL 1163486, at *1 (D.N.J. Mar. 19, 2013) (quoting *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (*per curiam*). If the moving party argues that an error was made, the motion may only be granted if "dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Buff a v. N.J. State Dep't of the Judiciary*, 56 F. App'x 571, 575 (3d Cir. 2003) (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)). Mere disagreement with a court's decision or attempts "to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order" are not appropriate bases to bring a motion for reconsideration. *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019); *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F. Supp.2d 349, 352 (D.N.J.2001). "A motion for reconsideration is 'an extremely limited procedural vehicle' which is to be granted 'sparingly.'" *Brady v. Twp. of Woodbridge*, No. 19-17868, 2022 WL 111060, at *1 (D.N.J. Jan. 12, 2022) (quoting *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000)).

4

## III.   DISCUSSION

Plaintiffs contend that reconsideration is warranted, in part, because "[a]ll of the precedent supports a finding that all claims filed for unpaid wages under the NJWPL are subject to a six (6) year statute of limitations." (Pls.' Br. at 5-6, ECF No. 99.) Plaintiffs further contend that because the New Jersey Supreme Court in *Maia* declined to rule on the statute of limitations for NJWPL, and that the Court's holding in *Meyers*, providing for a six (6) year statute of limitations "is still sound law today and without any adverse inference." (*Id*. at 8) To this point, Plaintiffs conclude that their claims should be reinstated or, alternatively, they request a continuance to find additional plaintiffs to stand in as class representatives. (*Id.* at 4.)

Defendants counter, in part, that Plaintiffs fail to cite any new evidence or controlling cases to support their reconsideration motion or their claim that the Court misinterpreted *Maia*. (*See* Defs.' Opp'n Br. at 2-3, ECF No. 102.) Defendants also contend that Plaintiffs are attempting a "do over" to "relitigate and quarrel over the Court's "reading of the *Troise* and *Meyers* decision", which fails to meet the standard for reconsideration under Local Civil Rule 7.1(i). (*Id.* at 3.)

To be sure, a motion for reconsideration is not a procedural vehicle for parties to take a "second bite at the apple." *Ippolito v. Carpenito*, No. 19-19818, 2020 WL 1847671, at *1 (D.N.J. Apr. 13, 2020). Plaintiffs' motion suffers from two fatal flaws. First, Plaintiffs do not cite to "an intervening change in the controlling law" or "the need to correct a clear error of law or fact or to prevent manifest injustice" such that reconsideration should be granted. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). Second, Plaintiffs incorrectly assert that both New Jersey courts and this District uniformly hold that NJWPL unpaid-wage claims are subject to a six-year statute of limitations. Plaintiffs' argument, however, overstates the case law and mischaracterizes multiple authorities, two of which this Court

5

addressed in its June 23, 2025 Opinion. For example, Plaintiffs note that while the Court found their reliance on *Troise* unpersuasive, Plaintiffs nevertheless contend that they "were relying on the reasoning expressed in *Troise*, which is repeated in *Meyers[]*, as precedent for why claims for unpaid wages under the NJWPL are subject to a six (6) year statute of limitations." (Pls.' Br. at 5.) Plaintiffs argue that "[b]oth *Troise* and *Meyers* explained how limitation periods are determined where they are not specified by the Legislature." (*Id*.)

In 2019, New Jersey enacted the NJWTA, which "add[ed] substantive rights including new causes of action, defenses, and damages to the [NJ]WPL and [NJ]WHL, extend[ed] the statute of limitations for [NJ]WHL claims." *Maia*, 313 A.3d at 900. "Before August 6, 2019, the relevant limitations period was two years." *Ajanel v. JC HVAC LLC*, No. 24-02150, 2025 WL 1671318, at *5 (D.N.J. June 12, 2025), *reconsideration denied*, No. 24-02150, 2025 WL 2163869 (D.N.J. July 30, 2025) (citing N.J.S.A. 34:11-56a25.1 (2018)). Further, the New Jersey Supreme Court found that the August 6, 2019 extension of the limitations period was not retroactive. *See Maia*, 313 A.3d at 900. The Court noted in the June 23, 2025 Opinion that neither *Meyers* nor *Troise* altered the two-year statute of limitations. (*See* June 2025 Op. at 8–11.) Specifically, *Meyers* was decided nearly ten years before *Maia*, in which the New Jersey Supreme Court expressly held that the six-year statute of limitations for NJWHL claims did not apply to NJWPL claims. (*Id*. at 8.) Additionally, in footnote 8, the Court explained that because *Troise* did not address the statute of limitations for the NJWPL and instead focused on the New Jersey Prevailing Wage Act, the Court found Plaintiffs' reliance on this case unpersuasive. (*Id*.)

The Court further found that *Troise* and *Maia* are not in tension. *Troise* articulated the general methodology for selecting a statute of limitations when a wage statute is silent, directing courts to classify the nature of the injury and apply the corresponding general limitations provision,

6

while rejecting the grafting of limitations periods from related statutes. *See Troise*, 784 A.2d at 751 ("When the Legislature creates a statutory cause of action without including a limitations provision, a court will apply the general limitations provision which governs that category of claim."). *Maia* did not disturb that framework. Instead, in *Maia,* the New Jersey Supreme Court clarifies two important issues: first, the court rejected the Appellate Division's attempt to infer that a six-year limitations period explicitly added to the NJWHL be applied to the NJWPL, "despite the amendments' silence on that point," and noted that the "six-year limitations period for the [NJ]WHL has no bearing on the limitations period for the [NJ]WPL." 313 A.3d at 897, n.3 (citing *Maia v. IEW Constr. Grp.*, 475 N.J. Super. 44, 53-54 (App. Div. 2023), *rev'd*, 313 A.3d 887 (2024)). Second, the court concluded that the NJWTA was to be applied prospectively to conduct that occurred on or after August 6, 2019, not retroactively. (*See id.* at 900). Plaintiffs' arguments to the contrary lack legal support. Moreover, Plaintiffs' cited cases serve as neither controlling law nor support reconsideration.

Plaintiffs do not identify, as they must, any controlling cases that this Court overlooked in rendering its decision. *See Soulier v. Matsumoto*, No. 20-4720, 2023 WL 11987858, at *n.4 (D.N.J. Jan. 27, 2023) (denying petitioner's motion for reconsideration in part because petitioner erred in relying on out-of-circuit cases that "by definition, do not constitute controlling authority"); *Sciore v. Phung*, No. 19-13775, 2022 WL 950261, at *2 (D.N.J. Jan. 18, 2021) (noting defendants rely only on non-precedential district court cases in support of their position. . . "as non-precedential district court cases, these cases are not binding on this Court.) Moreover, Plaintiffs do not provide new evidence or establish a clear error of law warranting reconsideration. Accordingly, the motion is denied.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS** on this 23rd day of March 2026,

**ORDERED** that Plaintiffs' motion for reconsideration of the Court's June 23, 2025 Opinion and Order (ECF No. 99) is **DENIED**.

_____

**JULIEN XAVIER NEALS**
**United States District Judge**

8